JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-4454 JGB (SPx)** | Date | December 17, 2025 |
| Title | *Allen Hammler v. MTS Medication Technologies, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

On May 5, 2025, incarcerated pro se plaintiff Allen Hammler ("Plaintiff") filed a complaint against defendants MTS Medication Technologies, Aurobindo Pharma USA, Inc., Zydus Pharmaceuticals USA, Inc., J. Macomber, Dotson, Martinez, Gonzales, Allen, Matias, Pye, C. Morales, L. Gonzalez, Castillo, Leanna Lundy (collectively, "Defendants"), and Does 1-10. ("Complaint," Dkt. No. 1.)  On September 11, 2025, the Court denied Plaintiff's request to proceed in forma pauperis and ordered Plaintiff to "pay the filing fee within thirty days" otherwise the Court would dismiss his case. ("Order," Dkt. No. 8.)  Plaintiff has failed to pay the filing fees within the thirty-day deadline.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff failed to comply with the Court's order by the deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and

(5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. Plaintiff has unreasonably delayed this action without explanation by failing to timely pay his filing fee. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." Ferdik, 963 F.2d at 1261; see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

Additional delay will prejudice the Defendants by forcing them to spend needless resources defending this action. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay."). Moreover, less drastic sanctions are not realistic. The Court already issued the Order denying Plaintiff's IFP Request, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with court orders and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**